Thomas Sullivan, Esq.
PA ID 63541
Andre Rubin, Esq.
PA ID 205092
MARKS & SOKOLOV, LLC
1835 Market Street, Ste. 1717
Philadelphia, PA 19103
215-569-8901
tsullivan@mslegal.com
arubin@mslegal.com

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRUCE S. MARKS, | : | Civil Action |
| Plaintiff, | : | |
| v. | : | No.: |
| RCI, LLC | : | |
| Defendant. | : | |

### COMPLAINT

Plaintiff, BRUCE S. MARKS ("**Plaintiff**"), brings this action for at least $12,000 in damages, statutory damages, interest, court costs, and injunctive relief for the negligent and/or deliberate and knowing tortious activity of Defendant, RCI, LLC **("RCI" or "Defendant")**, in repeatedly contacting Plaintiff via his personal cellular telephone to solicit sales for vacations in violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* and 47 C.F.R. §64.1200(c)(2). Plaintiff complains and alleges as follows:

### INTRODUCTION

**1.**     Plaintiff brings this action under the Telephone Consumer Protection Act ("**TCPA**"), 47 U.S.C. §227 *et seq.*, a federal statute enacted in response to widespread public

1

outrage about the proliferation of intrusive, nuisance telemarketing practices. *See Mims v. Arrow Fin. Servs., LLC,* 132 S. Ct. 740, 745 (2012).

2. The TCPA is designed to protect consumer privacy by prohibiting unsolicited telemarketing calls to cellular telephones, unless the caller has the "prior express written consent" of the called party.

3. Defendant, directly or through its agents, placed multiple telemarketing sales calls to Plaintiff's personal cellular telephone number for the purposes of soliciting travel products and services after Plaintiff's cell phone number was placed on the national Do-Not-Call ("**DNC**") registry on November 27, 2018.

4. Plaintiff never consented to receive any of Defendant's calls.

## JURISDICTION AND VENUE

5. The TCPA, 47 U.S.C. §227 *et seq.,* is a federal stature affording federal question jurisdiction over this action pursuant to 28 U.S.C. §1331.

6. Venue is proper in this Court, pursuant to 28 U.S.C. §1391(b)(2), in that Defendant conducts business in, and a substantial part of the events giving rise to Plaintiff's claims occurred in, this District where Plaintiff resides.

7. This Court has personal jurisdiction over Defendant because it purposefully directed tortious acts (from which Plaintiff's claims arise) at Plaintiff knowing he was a resident of or present in Pennsylvania, thereby causing harm to Plaintiff in Pennsylvania. Defendant further knew that Plaintiff was resident or present in Pennsylvania by the 215 area code of his personal cellular phone.

## PARTIES

8. Plaintiff is an individual adult citizen of the Commonwealth of Pennsylvania residing in Bala Cynwyd, Pennsylvania, who received telephone calls on his private cellular

phone number (215-939-xxxx) as alleged herein.

9. Defendant RCI is an LLC with a principal business located at 14 Sylvan Way, Parsippany, NJ 07054 which transacts and solicits business in Pennsylvania.

## BACKGROUND

### The Telephone Consumer Protection Act of 1991 (47 U.S.C. §227 *et seq.*)

10. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing ... can be an intrusive invasion of privacy[.]" TCPA, Pub. L. No. 102-243, §2(5) (1991) (codified at 47 U.S.C. §227). The TCPA is a strict liability statute.

11. The national DNC Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at the registered numbers. *See* 47 C.F.R. §64.1200(c)(2). A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id.*

12. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the DNC Registry. *See* 47 U.S.C. §227(c); 47 C.F.R. §64.1200(c)(2). The TCPA defines the term "telephone solicitation" as the "initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person …." 47 U.S.C. §227(a)(4).

13. The TCPA permits a private right of action for each telephone call initiated to a consumer in violation of the Act. 47 U.S.C. §227(c)(5). The TCPA provides $500 in statutory damages to the aggrieved consumer for "each such violation." 47 U.S.C. §227(c)(5)(B). The TCPA further provides that the "court may, in its discretion, increase the amount of the award to

an amount equal to not more than 3 times" the available amount – *i.e.*, $1,500 – if the court finds that a defendant "willfully or knowingly" violated the TCPA.  47 U.S.C. §227(c)(5).

14. The Federal Communications Commission ("**FCC**") has recognized that "wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used."  FCC's Report and Order, "Rules and Regulations Implementing the [TCPA] of 1991," CG Docket No. 02-278, FCC 03-153, 18 F.C.C. Red. 14014, 14115 ii 165 (2003).  Plaintiff received incoming calls from Defendant: (i) while inside the United States as part of his monthly plan; and (ii) while outside the United States for which he incurred additional charges.

## FACTUAL ALLEGATIONS

15. Plaintiff is a personal subscriber of a cellular telephone (215-939-xxxx) through the T-Mobile carrier, which he uses as his personal phone.

16. On November 27, 2018, Plaintiff registered his cellular phone number on the national DNC Registry.

17. However, in November, December and January, 2020-2021, Plaintiff received at least eight calls from RCI; these calls state that because Plaintiff had purportedly travelled within the RCI/Hilton/Marriott network within the last 24 months, Plaintiff was offered travel discounts to various destinations including Disney World, Costa Rica, etc.  From phone number 907-313-6614, Plaintiff received **five** calls from RCI: 11/18/20, 11/23/20, 11/30/20, 12/3/20, and 12/7/20.  From phone number 215-608-1800 Plaintiff received **two** calls from RCI: 01/13/21, 02/15/21.  From phone number 512-720-7244 Plaintiff received one **call** from RCI: 03/23/21.

18. Defendant did not have Plaintiff's prior express written consent to make any of these calls to Plaintiff.

19. At no point during any of the calls did Plaintiff provide consent to receive calls from Defendant.

20. Plaintiff never transacted any business with Defendant and never provided Defendant with his personal cellular telephone number.

21. Defendant's calls were placed to Plaintiff's private personal cellular telephone number, as defined and set forth in 47 CFR §64.1200(a)(1)(iii), which number is assigned to a cellular telephone carrier (T-Mobile).  Plaintiff incurs a charge from T-Mobile for incoming/outgoing calls, pursuant to 47 U.S.C. § 227(b)(1), under a calling plan with unlimited calls in the United States and with per minute charges for calls outside the United States. Plaintiff uses his cellular telephone for personal purposes, including booking vacations.

22. Defendant's telephone solicitations constituted "calls" under the TCPA and were not "made for emergency purposes," pursuant to the exception provided in 47 CFR §64.1200(a)(1) and 47 U.S.C. §227(b)(1)(A).

23. Defendant failed to establish or implement reasonable practices and procedures to effectively prevent telephone solicitations in violation of 47 U.S.C. §227 and 47 C.F.R. §64.1200.

24. Plaintiff was harmed by Defendant's calls, which improperly invaded his privacy.

## COUNT I

### (Negligent Violation of the TCPA "Sales Call/DNC" Prohibition, 47 U.S.C. §227(c)(3)(F) and 47 C.F.R. 64.1200(c)(2))

25. Each paragraph above is incorporated and realleged as though fully set forth herein.

26. Defendant negligently made telephone solicitations to Plaintiff's cellular phone even though he told them to cease making such solicitations.

27. Despite Plaintiff's cellular phone number being registered on the DNC Registry as of November 27, 2018, Defendant negligently made telephone solicitations in violation of 47 U.S.C. §227(c)(3)(F), which "prohibit[s] any person from making or transmitting a telephone

5

solicitation to the telephone number of any subscriber included in such database."

28. Despite Plaintiff's cellular phone number being registered on the DNC Registry as of November 27, 2018, Defendant negligently made telephone solicitations in violation of 47 C.F.R. §64.1200(c)(2), which states that "No person or entity shall initiate any telephone solicitation to … [a] subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to be receive telephone solicitations that is maintained by the Federal Government."

29. Because Plaintiff received more than one telephone call from Defendant in a 12-month period, he has a private right of action to recover actual damages or receive up to $500 for each violation, whichever is greater, pursuant to 47 U.S.C. §227(c)(5).

30. As a result of Defendant's negligent violations of 47 U.S.C. §227(c)(3)(F) and 47 C.F.R. 64.1200(c)(2), Plaintiff seeks $500 in statutory damages for each and every violation, pursuant to 47 U.S.C. §227(c)(3)(F).

31. Pursuant to 47 U.S.C. §227(c)(5)(A), Plaintiff seeks injunctive relief prohibiting such conduct in the future.

## COUNT II

**(Knowing and/or Willful Violation of the TCPA "Sales Call/DNC" Prohibition, 47 U.S.C. §227(c)(3)(F) and 47 C.F.R. 64.1200(c)(2))**

32. Each paragraph above is incorporated and realleged as though fully set forth herein.

33. Despite Plaintiff's cellular phone number being registered on the DNC Registry as of November 27, 2018, Defendant knowingly and/or willfully made telephone solicitations in violation of 47 U.S.C. §227(c)(3)(F), which "prohibit[s] any person from making or transmitting a telephone solicitation to the telephone number of any subscriber included in such database."

34. Despite Plaintiff's cellular phone number being registered on the DNC Registry

as of November 27, 2018, Defendant knowingly and/or willfully made telephone solicitations in violation of 47 C.F.R. §64.1200(c)(2), which states that "No person or entity shall initiate any telephone solicitation to … [a] subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to be receive telephone solicitations that is maintained by the Federal Government."

**35.**     Because Plaintiff received more than one telephone call from Defendant in a 12-month period he has a private right of action to recover actual damages or receive up to $500 for each violation, whichever is greater, pursuant to 47 U.S.C. §227(c)(5).  If the "court finds that the defendant willfully or knowingly violated the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times …." 47 U.S.C. §227(c)(5)(C).

**36.**     As a result of Defendant's knowing and/or willful violations of 47 U.S.C. §227(c)(3)(F) and 47 C.F.R. 64.1200(c)(2), Plaintiff seeks treble damages, as provided by statute, up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. §227(c)(5).

**37.**     Pursuant to 47 U.S.C. §227(c)(5)(A), Plaintiff seeks injunctive relief prohibiting such conduct in the future.

**PRAYER FOR RELIEF**

**WHEREFORE, Plaintiff seeks relief against Defendant, as follows:**

**1.**     $500 for each negligent violation;

**2.**     $1,500 for each knowing and/or willful violation;

**3.**     Prejudgment interest at the maximum legal rate;

**4.**     Injunctive relief to prevent future wrongdoing; and

**5.**     All such other and further relief as the Court deems proper.

Dated: July 30, 2021

                        MARKS & SOKOLOV LLC

By:    */s/ Thomas C. Sullivan*
        Thomas Sullivan, Esq.
        PA ID 63541
        Andre Rubin, Esq.
        PA ID 205092

        1835 Market Street, Ste. 1717
        Philadelphia, PA 19103
        215-569-8901
        tsullivan@mslegal.com
        arubin@mslegal.com
        *Attorneys for Plaintiff*